CYNTHIA YORK *vs.* JOHN MURPHY, and another.

Aroostook.    Opinion January 31, 1898.

*Equity.   Chattel Mortgage.   Redemption.*

Upon a bill in equity to annul a chattel mortgage or to redeem the same if found valid, and heard on demurrer, it appeared that the mortgage had not been recorded, as required by law, in the town where the mortgagor resided. *Held;* that the mortgage was invalid as against the plaintiff who had purchased the chattel of the mortgagor; and the mortgagees have no title thereunder.

The mortgagees had previously replevied the same chattel from a bailee of the plaintiff. *Held;* that the plaintiff has a perfect defense at law to the replevin suit, and has no need of relief in equity.

*Held further;* if the plaintiff's defense to the replevin suit shall fail from facts not disclosed in her bill, inasmuch as foreclosure proceedings have been enjoined and security has been given therefor, she may hereafter be allowed to amend her bill as a bill to redeem upon payment of costs of this suit, and tender of mortgage debt with interest and costs of foreclosure.

ON EXCEPTIONS BY PLAINTIFF.

Bill in equity, heard on bill and demurrer.

The facts in this case as set forth in the bill, filed August 7, 1896, are substantially as follows: ' The plaintiff bought a horse on May 16, 1896, of one Frank J. Stairs, then a resident of Washburn, Aroostook County, having been informed and believing that the horse was the property of said Stairs and free from incumbrance. And thereupon she hired the horse out to one Fred O. York. The defendants on May 28 following, replevied him from her lessee, York, under a writ returnable to the September term, 1896, Aroostook county, and which suit is still pending.

The defendants claim said horse under a mortgage to them from said Stairs to secure $47.25, dated January 14, 1896. This mortgage was recorded in Caribou, the town in which the defend-

ants lived, but was not recorded in Washburn, the town in which said Stairs, the mortgagor, resided at the time the mortgage was given.

The plaintiff further alleged that on June 10, 1896, following the replevin suit of May 28, the defendants published a notice of foreclosure of the mortgage in a newspaper printed in said Caribou, which notice was recorded in said Caribou where the mortgage was recorded, on June 29, 1896, and that the right of redemption would expire, and the foreclosure become absolute on August 10, 1896, if said mortgage was properly recorded.

She further alleged that if she should pay to the defendants the amount of the mortgage, she would be without remedy to recover it back if it should be finally determined by the court that said mortgage was not properly recorded, and therefore not valid as against her; and that if valid, the right of redemption would expire before any court would sit in which the question could be tried and determined. Also that she has no alternative but to pay said mortgage whether void or valid, before said foreclosure becomes absolute, or to ask this court sitting in equity, to suspend by order and injunction the foreclosure aforesaid, and to enjoin the prosecution of said replevin suit until the validity of said mortgage can be tried and determined under her suit in equity.

She further alleged that the mortgage, although not recorded in the town where the mortgagor lived at the time it was given, still is recorded in the town adjoining, where the mortgagees live; and that the existence of such mortgage, supported by such a record which said mortgagees then claimed to be in the town of said mortgagor's residence, as further supported by their replevin suit, constituted a serious cloud upon her title which should be removed by the decree of this court.

Nevertheless, if this court, upon full hearing in equity, should hold said mortgage to be properly recorded, and valid as against her, she offers to pay the amount due on said mortgage; and, in this latter alternative, she brings this bill to redeem said mortgage. A preliminary injunction was issued August 8, 1896, a bond having been duly approved.

*D. D. Stewart and F. M. York,* for plaintiff.

Chattel mortgages redeemable in equity: *Bennett* v. *Butterworth,* 12 How. 367; 2 Sto. Eq. Jur. § 1031.

If this plaintiff should pay, or tender to these defendants the amount of the mortgage, her act of payment would deprive her of all right to litigate the question; would estop her from denying the validity of their mortgage because she had conclusively admitted it by paying it. And there would be no remedy for her at law by which the money thus paid could be recovered back, in case she could subsequently show that the mortgage was not rightfully recorded, and therefore invalid as against her. Such payment would be held at law to be voluntary, and not under any species of legal duress, and could not therefore be recovered back. *Fellows* v. *School Dist.* 39 Maine, 559.

Counsel also cited: Bouv. Law Dict. 597; *Eaton* v. *McCall,* 86 Maine, 350, 351; *Freeman* v. *Carpenter,* 147 Mass. 23, 24; *Boston Iron Works* v. *Montague,* 108 Mass. 248, 254; *Titcomb* v. *McAllister,* 77 Maine, 357; *Dwelley* v. *Dwelley,* 143 Mass. 509, 516.

*W. P. Allen,* for defendants.

Counsel argued that the demurrer should be sustained (1) because the issue is purely one of fact for a jury to determine; (2) the complainant has a plain, adequate and complete remedy at law; (3) because there were replevin suits pending involving the same matter; (4) the complainant is asking advice from the court; (5) the complainant was bound to investigate the title before buying; (6) the complainant was bound to investigate the residence of the mortgagor, Stairs, at the time of the execution of the mortgage and elect whether to redeem or defend her title in the replevin suit; (7) it is not plain that she would be benefited by equity proceedings; (8) the substance of the bill is of too trivial value to be worthy of the dignity of the court.

One of the objections which may thus be taken is that the value of the subject of the suit is too trivial to justify the court in taking cognizance of it; or as the phrase usually is, that the suit is unworthy of the dignity of the court. Sto. Eq. Pl. § 500.

In Massachusetts the equity court refused to take cognizance of a bill under one hundred dollars. *Chapman* v. *Banker & Tradesman Pub. Co.*, 128 Mass. 478.

Again, the bill charges no fraud, nor trust, nor mistake even, but concerns only a money debt of about fifty dollars. In the absence of fraud, trust or mistake, a court in equity should not enjoin an action at law involving a mere money claim of less than $100.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, STROUT, JJ.

HASKELL, J. Bill in equity to annul a chattel mortgage and if found valid to redeem the same. The bill was dismissed on demurrer below and the cause comes up on exceptions.

The bill charges that the mortgage was not recorded in the town where the mortgagor resided, and the demurrer admits the fact. Of course, as to this plaintiff, an innocent purchaser of the property, the mortgage is invalid, and the defendants, the mortgagees, have no title to the property thereunder, and in their replevin suit against a bailee of the plaintiff, she has a perfect defense at law, and has no need of relief in equity. Act of 1895, c. 39; *Bachelder* v. *Bean*, 76 Maine, 517; *Milliken* v. *Dockray*, 80 Maine, 82.

But, if the plaintiff's defense to the replevin suit shall fail, from facts not disclosed in her bill, inasmuch as foreclosure proceedings have been enjoined and security has been given therefor, she may hereafter be allowed to amend her bill as a bill to redeem upon payment of costs of this suit, tender of mortgage debt with interest and costs of foreclosure.

*Exceptions overruled.*
*Bill retained for amendment.*